# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY REGO, | ) |
|       Plaintiff | ) |
| v. | ) **Civil Action No.:** |
| ROCKYPOINT CAPITAL, LLC, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|       Defendant | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ANTHONY REGO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ROCKYPOINT CAPITAL, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Taunton, Massachusetts 02780.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.

8. Defendant is corporation specializing in debt collection with its principal place of business located at: 5811 Memorial Highway, Suite 208, Tampa, Florida 33615.

9. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was contacting Plaintiff in an attempt to collect an alleged consumer debt.

12. The alleged debt, a Sears credit card account, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in or around August 2014, and continuing through September 2014, Defendant continuously and repeatedly contacted Plaintiff on his cellular telephone.

14. In addition, in its attempts to collect the debt, Defendant contacted Plaintiff's ex-wife, as well as his father-in-law.

15. Defendant's collector, an individual who identified himself as "David Carpenter," told Plaintiff's ex-wife and his father-in-law that Defendant is "going to sue Anthony."

16. At the time Defendant disclosed debt information to Plaintiff's ex-wife and father-in-law, it had not obtained Plaintiff's express consent to disclose debt information to any third party, including his ex-wife and father-in-law.

17. Further, upon information and belief, at the time it made the threat, Defendant did not intend to take legal action against Plaintiff; rather, it made this threat believing that such statements would embarrass Plaintiff and cause him to

make payment on the alleged debt.

# DEFENDANT VIOLATED
# THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

18. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(b).

    a. A debt collector violates §1692c(b) of the FDCPA by communicating, in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consumer of the consumer given directly to the debt collector.

    b. Defendant violated §1692c(b) of the FDCPA when it communicated, in connection with the collection of a debt, with a third party, Plaintiff's friend, without having Plaintiff's express permission to do so.

## COUNT II

19. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

    a.    Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b.    Defendant violated § 1692d of the FDCPA when it called Plaintiff multiple times a week, with the intent to annoy, abuse and harass Plaintiff.

## COUNT III

20. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692e, 1692e(5) and 1692e(10).

    a.    A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b.    A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    c.    Section 1692e(10) of the FDCPA prohibits debt collectors from

using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    d.    Here, Defendant violated §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by threatening to take legal action against Plaintiff, when it did not intend to take such action.

WHEREFORE, Plaintiff, ANTHONY REGO, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANTHONY REGO, demands a jury trial in this case.

                                                  RESPECTFULLY SUBMITTED,

Date:     05-29-15         By */s/ Craig Thor Kimmel*_____
                                          CRAIG THOR KIMMEL
                                          BBO# 662924
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Fax: (877) 788-2864
                                          Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT